78 F.3d 585
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Paul D. MARTIN, II; Kimberly J. Martin; Edith V. Martin,
Administratrix of the Estate of William Doherty,
deceased, Plaintiffs-Appellants,
v.
JEFFERSON COUNTY KENTUCKY; Metropolitan Sewer District,
Defendants-Appellees.
 No. 94-63511.
 United States Court of Appeals, Sixth Circuit.
 March 1, 1996.
 
 Before: KENNEDY and SUHRHEINRICH, Circuit Judges; GILMORE, District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiffs are the estate of William Doherty, and Paul and Kimberly Martin ("Martins"), with whom Doherty contracted for the construction and sale of a house. Defendants are Jefferson County and the Louisville and Jefferson County Metropolitan Sewer District ("MSD"), from whom Doherty was unable to obtain a building permit. Plaintiffs appeal the district court's grant of summary judgment to defendants in an action alleging violations of 42 U.S.C. §§ 1983 and 1988. We AFFIRM.
 
 I.
 
 2
 William Doherty purchased a tract of land in 1963 for subdivision. In 1983, he divided the tract into seven lots. Jefferson County and MSD approved the proposed subdivision plat conditioned on proper construction of a drainage ditch straddling the boundary between tracts A and B. MSD conducted an inspection in 1988 and verified proper construction of the ditch. By 1990, defendants had issued building permits for all lots except tract B.
 
 
 3
 Meanwhile, Louisville area governmental units were consolidating responsibility for drainage and flood prevention programs. Under a January 1987 agreement and amended zoning regulations, MSD had sole responsibility to resolve disputes concerning floodplain areas and zoning. Certain regulations provided that "[n]o building permit shall be issued by any administrative official for the development of any land in a Floodplain District until ... MSD has reviewed the plans and found them to be in accordance with applicable regulations...."
 
 
 4
 In June 1990, Doherty contracted with the Martins for the sale of tract B and construction of a house thereon. In July 1990, Doherty submitted plans to MSD for the purpose of obtaining a building permit. In August 1990, MSD notified Doherty of its disapproval of his plans. MSD stated that the existing twenty-five foot easement did "not appear adequate to provide the necessary floodway width." Doherty's repeated requests for approval were denied. Plaintiffs filed suit in state court alleging a taking without just compensation and violation of due process and equal protection rights in violation of 42 U.S.C. § 1983. Defendants removed to federal court, which granted summary judgment.
 
 II.
 
 5
 We review the district court's grant of summary judgment de novo. Hanover Ins. Co. v. American Eng'g Co., 33 F.3d 727, 730 (6th Cir.1994). Summary judgment shall be entered where there is "no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).
 
 
 6
 Plaintiffs contend that defendants' refusal to issue a building permit is conditioned on the widening of the existing twenty-five foot easement. Because the easement and construction of the ditch were previously approved by MSD, plaintiffs argue that the denial of a permit is a taking in violation of the Fifth Amendment. The district court dismissed plaintiffs' taking claim as unripe.
 
 
 7
 A taking claim is not ripe for review in federal court where the plaintiff has not used an adequate and available state inverse condemnation procedure. Williamson County Regional Planning Comm'n v. Hamilton Bank, 473 U.S. 172, 194-97 (1985) (property owner cannot recover for a taking under U.S. Constitution if state provides adequate procedure for seeking just compensation and property owner has not used the procedure); see also Hammond v. Baldwin, 866 F.2d 172, 178-79 (6th Cir.1989) (§ 1983 claim over issuance of waste water treatment permit dismissed where Kentucky plaintiffs failed to first file an inverse condemnation suit in state court); Bigelow v. Michigan Dep't of Natural Resources, 970 F.2d 154 (6th Cir.1992) (taking claim dismissed as unripe where state inverse condemnation action not pursued).
 
 
 8
 Plaintiffs argue that the Kentucky remedy is "inadequate." They base this argument on the existence of a Kentucky statute immunizing local governments from liability resulting from the denial or refusal to issue any permit. Ky.Rev.Stat.Ann. § 65.2003 (Baldwin Supp.1995). Plaintiffs argue that the presence of the statute renders the state remedy inadequate because it prevents them from recovering just compensation for a taking. Therefore, plaintiffs contend, this court must consider the merits of their claim.
 
 
 9
 Kentucky courts have never ruled that § 65.2003 precludes an inverse condemnation action pursuant to a taking claim. Even if a Kentucky court were to contemplate allowing the statute to immunize a governmental unit against an inverse condemnation claim, § 242 of the Kentucky Constitution guarantees plaintiffs' right to recovery for a taking. We are unable to conclude that the state remedy is "inadequate" based on the existence of § 65.2003. Therefore, the district court correctly dismissed plaintiffs' taking claim as unripe.
 
 
 10
 Plaintiffs next contend that defendants' denial of a permit was fundamentally unfair and denied them due process. Plaintiffs rely heavily on Nasierowski Bros. Inv. Co. v. City of Sterling Heights, 949 F.2d 890 (6th Cir.1991), for the proposition that a procedural due process claim is "instantly cognizable" in federal court despite the exhaustion requirement of Williamson. In Bigelow v. Michigan Dep't of Natural Resources, 970 F.2d 154 (6th Cir.1992), however, this court found that Nasierowski is distinguishable in situations that do not present a pure claim of procedural due process. The instant case presents a situation more appropriately governed by Bigelow than by Nasierowski. Addressing plaintiffs' procedural due process claim at this juncture would allow circumvention of established ripeness requirements for plaintiffs' taking claim. Accordingly, plaintiffs' procedural due process claim was correctly dismissed.
 
 
 11
 Plaintiffs argue that because defendants issued permits for the other lots in the subdivision, denial of a permit for tract B is a denial of equal protection. Plaintiffs contend, as with their taking claim, that the state remedy is inadequate because of § 65.2003. For the reasons discussed above, we conclude that § 65.2003 does not render plaintiffs' state remedy inadequate, and find that plaintiffs' equal protection claim was correctly dismissed.
 
 
 12
 Plaintiffs lastly contend that defendants' denial of a permit was arbitrary and capricious and therefore a violation of their right to substantive due process. The Williamson requirements for ripeness apply to substantive due process claims as well, and therefore this claim was also properly dismissed. Hoehne v. San Benito County, 870 F.2d 529, 532 (9th Cir.1989) (cited with approval in Bigelow, 970 F.2d at 159).
 
 III.
 
 13
 Because each of the constitutional violations claimed by plaintiffs is unripe for review, plaintiffs' claims under 42 U.S.C. §§ 1983 and 1988 cannot stand. Therefore, we AFFIRM the judgment of the district court granting summary judgment to defendants.
 
 
 
 *
 The Honorable Horace W. Gilmore, United States District Judge for the Eastern District of Michigan, sitting by designation